## John Woodward et al. *v.* F. W. Stimmell & Co.

**Steamboat — Supplies — Answer — Want of Information — Demurrer.**

As to the material averments of the petition (that the steamer R. L. Woodward, by her captain), at the time being owned by the defendant, bought the supplies of the plaintiff, the answer states that the defendant has no knowledge or information sufficient to form a belief that the captain of said boat bought any supplies from plaintiff. *Held*, that this answer is not sufficient under section 125 of the Civil Code, as it does not deny that the defendants were the owners of the boat, nor that they controlled it.

### APPEAL FROM M'CRACKEN CIRCUIT COURT.

January 8, 1867.

Opinion of the Court by Judge Hardin:

The only question to be considered in this case arises on the demurrer to the appellants' answer. The petition alleges the sale and delivery to the appellants for the use of their boat of supplies, which were reasonably of the value of $110.40, and that a bill of particulars was rendered.

The appellants, by their answer, deny that they received the alleged bill of particulars, and deny that any such supplies were furnished to them or that the account filed is just or correct. They also deny that they are indebted to the plaintiffs in said sum of $110 or any other sum, or that they promised to pay the debt. But as to the material averment of the petition, that the steamer R. L. Woodward, by her captain, at the time being owned by defendants bought the supplies of the plaintiffs, "they state that

they have no knowledge or information sufficient to found a belief that the captain of said boat bought any goods or supplies from plaintiffs for said boat, and they deny that he did, and call for full proof."

It seems to us the answer is not sufficient under the rules prescribed by section 125 of the Civil Code.

It does not deny that appellants were the owners of the boat nor attempt to repel the inference that they at the time had control of the boat. These facts are, we think, sufficient to enable the court to see that the appellants had information or knowledge sufficient to enable them to found a belief as to the alleged purchase of the supplies, and we are constrained, therefore, to regard the averment of a want of such knowledge or information as an evasion. Nor is this objection removed by the distinctive denial that the *captain* of the boat bought the supplies.

The answer to be sufficient should in direct terms have denied that the appellants, being the owners of the boat, purchased by themselves or others the supplies for her use or have furnished a more satisfactory explanation for their failure to do so.

Wherefore, being of the opinion that the demurrer was properly sustained the judgment is affirmed.